UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Sherry Ihde, | Court File No. 0:22-cv-01327-JRT-ECW |
| Plaintiff, | |
| v. | **JURY TRIAL DEMANDED** |
| The Mayo Clinic, | |
| Defendant, | |
| Shelly Kiel, | Court File No. 0:22-cv-01319-JRT-ECW |
| Plaintiff, | |
| v. | |
| Mayo Clinic Health System Southeast Minnesota, | |
| Defendant, | |
| Anita Miller, | Court File No. 0:22-cv-01405-JRT-ECW |
| Plaintiff, | |
| v. | |
| The Mayo Clinic Hospital – Rochester, a Minnesota non-profit corporation, | |
| Defendant, | |
| Kenneth Ringhofer, | Court File No. 0:22-cv-01420-JRT-ECW |
| Plaintiff, | |
| v. | |
| Mayo Clinic Ambulance; a Minnesota nonprofit corporation, | |
| Defendant, | |

| | |
|---|---|
| Kristin Rubin,<br>       Plaintiff,<br><br>v.<br><br>The Mayo Clinic; a Minnesota non-profit corporation,<br><br>       Defendant. | Court File No. 0:22-cv-01427-JRT-ECW<br><br>**MEMORANDUM OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF DEFENDANTS' CONSOLIDATED MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINTS** |

# INTRODUCTION

On November 20, 2023, Defendants Mayo Clinic, Mayo Clinic Health System Southeast Minnesota, Mayo Clinic Hospital – Rochester, and Mayo Clinic Ambulance (collectively, "Mayo") moved this Court for an Order dismissing the above-captioned Plaintiffs' Amended Complaints with prejudice.[1] (*See* McNee Decl. Ex. 1.) Mayo seeks dismissal of Plaintiffs' Amended Complaints on several grounds, including, but not limited to:

- Plaintiffs Ihde and Miller failed to exhaust their Title VII termination claims. (*See* Moving Br. 2-4.)

- Plaintiffs Ihde and Rubin have not pleaded their objections to testing are religious in nature, have not pleaded a conflict between religious beliefs and testing, and are not entitled to the accommodation of their choice. (*See* Moving Br. 19-23.)

---

[1] For the Court's reference, Mayo has attached a chart summarizing all the reasons justifying dismissal of Plaintiffs' claims as Exhibit 1 to Emily A. McNee's Declaration in support of Defendants' Memorandum of Supplemental Authority in support of Defendants' Consolidated Motion to Dismiss Plaintiffs' Amended Complaints ("McNee Decl.").

2

- Plaintiffs Kiel, Miller, and Ringhofer have not plausibly pleaded that their objections to the vaccine requirement are religious in nature, that Mayo knew about their religious beliefs, and that a conflict exists between their religion and the Policy. (*See* Moving Br. 23-28.)

- All Plaintiffs failed to plead facts supporting an inference of religious discrimination and likewise failed to plead a causal connection between their protected status and subsequent terminations. (*See* Moving Br. 28-31.)

- Plaintiffs have not and cannot properly plead claims for failure-to-accommodate religious beliefs under the MHRA. (*See* Reply Br. 9-10.)

- Plaintiff Kiel, Miller, and Ringhofer failed to exhaust their administrative remedies as to their ADA claims. (*See* Moving Br. 32.)

- All Plaintiffs have failed to adequately plead the elements of an ADA failure-to-accommodate claim. (*See* Moving Br. 33-34.)

- All Plaintiffs have failed to properly plead a violation of the ADA's prohibition against medical examinations and disability-related inquiries. (*See* Moving Br. 34-36.)

Since Mayo filed its Motion to Dismiss, courts around the country, including the District of Minnesota and other District Courts in the Eighth Circuit, have issued decisions that support Mayo's position on the above-referenced grounds for dismissal. Mayo hereby incorporates the factual background and arguments from its Moving and Reply Memoranda in support of Defendants' Consolidated Motion to Dismiss, and with the Court's

3

permission, submits the following supplemental authority in support of its Motion to Dismiss.[2]

## SUPPLEMENTAL AUTHORITY

I. **PLAINTIFFS PRESENT NO PLAUSIBLE TITLE VII OR MHRA RELIGIOUS DISCRIMINATION CLAIMS.**

    A. **Ihde and Miller Failed to Exhaust Their Title VII Termination Claims.**

Mayo moved to dismiss Ihde and Miller's Title VII termination claims for failure to exhaust administrative remedies. (*See* Moving Br. 2-4.) Charges must identify claims and discrete actions on which they are based. (*Id.*) Ihde and Miller filed charges alleging Title VII religious discrimination ***before*** Mayo terminated their employment and failed to amend or file new charges alleging wrongful termination. Plaintiffs' responsive briefing confirms that Ihde and Miller never filed Title VII charges regarding termination of their employment. (*See generally* Opp. Br.; *see also* Reply Br. 1.) Accordingly, Ihde and Miller failed to administratively exhaust their Title VII termination claims.

Since Mayo filed its Motion to Dismiss, several courts have dismissed claims brought by plaintiffs challenging their employer's COVID-19 vaccine policies for failure to exhaust administrative remedies where plaintiffs failed to file administrative charges identifying the specific claims and discrete actions on which they are based. These decisions support Mayo's position that Ihde and Miller's Title VII termination claims must be dismissed:

---

[2] Mayo has attached each supplemental authority on which it relies as an exhibit to this filing.

- *Wolfe v. Dean C. Logan at al.*, No. 2:22-CV-06463-JLS-PD, 2023 WL 2239062 (C.D. Cal. Jan. 25, 2023) (dismissing plaintiff's Title VII claim for failure to exhaust administrative remedies because plaintiff failed to plead administrative exhaustion and conceded that she had not filed a charge relating to her Title VII claims) (McNee Decl. Ex. 2);

- *Welcome v. Amplity Inc.*, No. 4:22-CV-00830-RK, 2023 WL 2542617 (W.D. Mo. Mar. 16, 2023) (dismissing plaintiffs' ADA claims for failure to exhaust administrative remedies because plaintiffs' EEOC charges did not make any allegations or references to disability discrimination and checked only boxes for "religion" and "retaliation") (McNee Decl. Ex. 3);

- *Petermann v. Aspirus, Inc.*, No. 22-cv-332, 2023 WL 2662899 (W.D. Wis. Mar. 28, 2023) (dismissing ADA claim of plaintiff represented by the same counsel as Plaintiffs in the instant case because she failed to file any charge with the EEOC relating to her ADA claim) (McNee Decl. Ex. 4).

**B.  Plaintiffs Ihde and Rubin Have Not Pleaded Their Objections to Testing Are Religious in Nature, Have Not Pleaded a Conflict between Religious Beliefs and Testing, and Are Not Entitled to the Accommodation of Their Choice.**

Mayo moved to dismiss Ihde and Rubin's Title VII religious discrimination claims because Ihde and Rubin failed to plausibly allege a sincerely held religious belief that conflicted with Mayo's Policy requiring testing after each received an approved vaccination exemption as accommodation. (*See* Moving Br. 19-23.) Ihde pleaded she believes testing is irresponsible and violates her "conscience," while Rubin pleaded she

was following God's path in refusing testing. (Ihde Am. Compl. ¶ 16; Rubin Am. Compl. ¶ 36.) However, neither Ihde nor Rubin pleaded facts showing that their testing objections relate to any "deep and imponderable matters," that their testing objections relate to any part of the comprehensive Christian "belief-system," or any "formal or external signs" demonstrating their faith barred them from weekly testing. (*See* Ihde Am. Compl. ¶ 15-17; Rubin Am. Compl. ¶ 35-36; Moving Br. 20-21.) Because Ihde and Rubin failed to plead sincerely held religious beliefs regarding testing, their religious beliefs did not conflict with Mayo's Policy. (*See* Moving Br. 22.) Title VII only requires an employer to provide a reasonable accommodation; the employer need not provide the accommodation of the employee's choice. (*See* Moving Br. 23.)

Since Mayo filed its Motion to Dismiss, several courts have dismissed Title VII claims in similar cases where plaintiffs were granted religious exemptions to their employer's COVID-19 vaccination policy but refused to comply with their employer's accommodation of weekly COVID-19 testing because the plaintiffs failed to plead facts showing a religious conflict with COVID-19 testing. These cases support Mayo's position that Ihde and Rubin's Title VII religious discrimination claims must be dismissed:

- *Blackwell v. Lehigh Valley Health Network*, No. 5:22-cv-03360-JMG, 2023 WL 362392 (E.D. Pa. Jan. 23, 2023) (dismissing plaintiff's Title VII religious discrimination claim with prejudice where plaintiff alleged that she refused to submit to nasal swab COVID-19 testing because her religious beliefs forbid inserting an unwanted foreign object into her body but failed to plead any

6

additional information about the religious nature of her beliefs) (McNee Decl. Ex. 5);

- *Jackson v. Methodist Health Servs. Corp.*, No. 22-CV-1307, 2023 WL 2486599 (C.D. Ill. Feb. 10, 2023) (dismissing plaintiff's Title VII religious discrimination claim where plaintiff was granted religious exemption to employer's COVID-19 vaccination requirement but refused to comply with accommodation of weekly COVID-19 testing because plaintiff did not "identify any religious tenents [sic] that are offended by testing") (McNee Decl. Ex. 6);

- *Ulrich v. Lancaster Gen. Health*, No. CV 22-4945, 2023 WL 2939585 (E.D. Pa. Apr. 13, 2023) (dismissing plaintiff's Title VII religious discrimination claim where plaintiff was granted religious exemption to employer's COVID-19 vaccination requirement but refused to comply with accommodation of weekly COVID-19 testing, because plaintiff's objections to COVID-19 testing were not religious) (McNee Decl. Ex. 7).

**C.     Plaintiffs Kiel, Miller, and Ringhofer Have Not Plausibly Pleaded that Their Objections to the Vaccine Requirement Are Religious in Nature, that Mayo Knew about Their Religious Beliefs, and that a Conflict Exists between Their Religion and the Policy.**

Mayo moved to dismiss Kiel, Miller, and Ringhofer's Title VII religious discrimination claims because Kiel, Miller, and Ringhofer failed to plausibly allege their vaccine objections were religious in nature. (*See* Moving Br. 23-28.) Kiel, Miller, and Ringhofer alleged they could not take the vaccines because the vaccines were "produced with or tested" with "aborted baby cells," "cells from aborted human babies," or "fetal cell

7

lines." (Kiel Am. Compl. ¶ 13; Miller Am. Compl. ¶ 11; Ringhofer Am. Compl. ¶ 30.) But these plaintiffs did not plead facts showing their vaccine objections relate to any "deep and imponderable matters," that their vaccine objections relate to any part of the comprehensive Christian "belief-system," or any "formal or external signs" demonstrating their faith barred them from vaccination. (*See* Moving Br. 23-24.) Accordingly, Mayo submits that Kiel, Miller and Ringhofer have not plausibly alleged sincerely held religious beliefs that conflict with Mayo's Policy. (*See* Moving Br. 23-28.)

Since Mayo filed its Motion to Dismiss, several courts have dismissed Title VII claims in similar cases where plaintiffs have summarily pleaded religious objections to the COVID-19 vaccines, including stating that they are "anti-abortion," but have not pleaded facts demonstrating how COVID-19 vaccination conflicts with their religion or facts showing how their "anti-abortion" beliefs arose out of a comprehensive religious belief-system.

In *Passarella, Dottenwhy & Clutter v. Aspirus, Inc.*, a Court in the Western District for the District of Wisconsin dismissed two plaintiffs' Title VII claims for failing to plausibly allege their vaccine objections were religious in nature.[3] 22-CV-287-JDP, 2023 WL 2455681 (W.D. Wis. March 10, 2023) (McNee Decl. Ex. 8). Plaintiff Dottenwhy alleged that she was Christian, she was against abortion, and her body was a temple to the Holy Spirit. *Id*. at \*2. The Court dismissed Dottenwhy's Title VII claim because she failed to articulate any religious belief that would prevent her from taking the vaccine, but rather

---

[3] Plaintiffs' counsel in the instant cases also represented Passarella, Dottenwhy, and Clutter. *Id.* at \*1.

couched her objections to the vaccine in religious terminology. *Id.* *5-7. Plaintiff Passarella alleged that she was a Christian, that God dwells within her body, that her body is a temple that she must use to glorify God and protect against defilement, and after prayerful consideration, she had decided not to take the vaccine. *Id.* at *3. The Court dismissed Plaintiff Passarella's Title VII claim because she also failed to articulate any religious belief that would prevent her from taking the vaccine and her claim that her decision was ratified by prayer did not elevate her decision to a matter of protected religion.[4] *Id.* at *5-7. Like Dottenwhy and Passarella, this Court should dismiss Kiel, Miller and Ringhofer's Title VII claims because they have not articulated how their anti-abortion beliefs are connected to religion or any other facts demonstrating religious beliefs that conflict with Mayo's Policy.

The following recent Court decisions also support Mayo's position:

- *Troulliet v. Gray Media Grp., Inc.*, No. CV 22-5256, 2023 WL 2894707 (E.D. La. Apr. 11, 2023) (dismissing plaintiff's Title VII religious discrimination claim where plaintiff summarily stated that the COVID-19 vaccine violated her religious beliefs but did not allege with any particularity that she held a bona fide religious belief, much less one that conflicted with a requirement of her employment) (McNee Decl. Ex. 9);

---

[4] On the other hand, the Court declined to dismiss Plaintiff Clutter's Title VII religious discrimination claim because she articulated a religious belief that she must remain the way God made her, which conflicted with getting vaccinated. *Id.* at *3, 7. Unlike Clutter, Kiel, Miller, and Ringhofer do not articulate any particular religious beliefs, rather than political, philosophical, or personal beliefs, that specifically conflict with vaccination. (*See* Kiel Am. Compl. ¶ 13; Miller Am. Compl. ¶ 11; Ringhofer Am. Compl. ¶ 30.)

- *Winans v. Cox Auto., Inc.,* No. CV 22-3826, 2023 WL 2975872 (E.D. Pa. Apr. 17, 2023) (dismissing plaintiff's Title VII religious discrimination claim because plaintiff failed to connect his "'sincere concerns' with the use of fetal cell lines [in vaccine development] to any 'formal and external signs' of religion" or allege facts showing that this concern arose out of a comprehensive religion that drives the way he thinks about deep and imponderable matters) (McNee Decl. Ex. 10);

- *Rogers v. Nebraska Urb. Indian Health Coal., Inc.*, No. 8:22-CV-410, 2023 WL 2990720 (D. Neb. Apr. 18, 2023) (dismissing plaintiff's Title VII religious discrimination claim for failure to state a plausible claim of relief where plaintiff made conclusory allegation that COVID-19 vaccination violated her sincerely held religious beliefs, without any accompanying detail or facts explaining how COVID-19 vaccination ran afoul to her religion) (McNee Decl. Ex. 11);

- *Mally Gage v. Mayo Clinic*, No. CV-22-02091, 2023 WL 3230986 (D. Ariz. May 3, 2023) (dismissing plaintiff's religious discrimination claim against Mayo because plaintiff did not explain how practicing her religious beliefs conflicted with Mayo's Policy (the same policy at issue here)) (McNee Decl. Ex. 12).

**D.    All Plaintiffs Failed to Plead Facts Supporting an Inference of Religious Discrimination and Likewise Failed to Plead a Causal Connection between Their Protected Status and Subsequent Terminations.**

Mayo moved to dismiss Plaintiffs' Title VII and MHRA religious discrimination claims because Plaintiffs failed to plead facts showing that Mayo treated similarly situated non-Christian employees differently, thus failing to establish an inference of discrimination. (*See* Moving Br. 28-31.) Plaintiffs' responsive briefing confirms that

10

Plaintiffs have not argued that as Christians, they were treated differently than non-Christians. (Opp. Br. 39; *see also* Reply Br. 1.)  Since Mayo filed its Motion to Dismiss, several courts have dismissed Title VII or MHRA claims in similar cases where plaintiffs failed to plead facts showing disparate treatment on the basis of religion, rather than vaccination status. These decisions include five decisions by the Honorable Ann D. Montgomery of the District of Minnesota:

- *Aronson v. Olmsted Med. Ctr.*, No. CV 22-1594 ADM/JFD, 2023 WL 2776095 (D. Minn. Apr. 4, 2023) (McNee Decl. Ex. 13);

- *Balow v. Olmsted Med. Ctr.*, No. CV 22-1668 ADM/JFD, 2023 WL 2776028 (D. Minn. Apr. 4, 2023) (McNee Decl. Ex. 14);

- *Bearbower v. Olmsted Med. Ctr.*, No. CV 22-2459 ADM/JFD, 2023 WL 2776029 (D. Minn. Apr. 4, 2023) (McNee Decl. Ex. 15);

- *Kehren v. Olmsted Medical Center*, No. 22-1560 ADM/JFD, 2023 WL 2776094 (D. Minn. April 4, 2023) (McNee Decl. Ex. 16);

- *Mariah Tipcke v. Olmsted Med. Ctr.*, No. CV 22-2470 ADM/JFD, 2023 WL 2776098 (D. Minn. Apr. 4, 2023) (McNee Decl. Ex. 17).

(collectively referred to herein as the "OMC Cases").

The plaintiffs in the OMC Cases are former Olmsted County Medical Center ("OMC") employees, whose employment with OMC was terminated for failure to comply with OMC's mandatory vaccination policy. The plaintiffs in the OMC Cases are represented by the same counsel as Plaintiffs in the instant case. OMC moved to dismiss the plaintiffs' MHRA and ADA claims.

Judge Montgomery dismissed the plaintiffs' MHRA claims of religious discrimination for failure to state a plausible claim because plaintiffs failed to show that they were treated differently from other employees because of their religious beliefs. *See, e.g., Aronson*, 2023 WL 2776095 at *3. Rather, the plaintiffs alleged that they were discharged for failing to comply with an employment policy that was applied equally to all employees. *Id*. The result should be the same here: the Court should dismiss Plaintiffs' Title VII and MHRA religious discrimination claims because Plaintiffs have not plausibly alleged an inference of discrimination.

The following recent Court decisions also support Mayo's position:

- *Leake v. Raytheon Techs. Corp.*, No. CV-22-00436-TUC-RM, 2023 WL 2242857 (D. Ariz. Feb. 27, 2023) (finding plaintiffs could not state a Title VII disparate treatment claim where all employees who were exempt from vaccination were required to follow the same COVID-19 protocols of testing and masking, regardless of religion) (McNee Decl. Ex. 18);

- *Gage*, 2023 WL 3230986 (dismissing plaintiff's religious discrimination claim against Mayo because plaintiff failed to allege facts showing that similarly situated individuals outside of her religion were treated more favorably, rather than that vaccinated individuals were treated more favorably than non-vaccinated individuals) (McNee Decl. Ex. 12).

### E. Plaintiffs Have Not and Cannot Properly Plead Claims for Failure-to-Accommodate Religious Beliefs under the MHRA.

In its Reply Memoranda, Mayo noted that Plaintiffs' Original Complaints asserted Mayo violated the MHRA by failing to accommodate their religious beliefs. (*See* Reply Br. 9-10.) Mayo moved to dismiss these claims because the MHRA does not recognize such claims, and Plaintiffs abandoned their MHRA failure-to-accommodate claims in their Amended Complaints. (*Id.*) Because Plaintiffs have not properly pleaded MHRA failure-to-accommodate claims, these claims are not before the Court, and must be dismissed.[5] (*See id.*)

Even if Plaintiffs had properly pleaded MHRA failure-to-accommodate claims in their Amended Complaints or had the opportunity to re-plead such claims, these claims would still fail because, as Mayo previously argued in its Motion to Dismiss the Original Complaints, the MHRA does not recognize such claims. Judge Montgomery's rulings in the OMC cases confirm Mayo's position. *See, e.g.*, *Aronson*, 2023 WL 2776095 at *4 (dismissing plaintiff's MHRA failure-to-accommodate claim because "the MHRA does not obligate employers to provide religious accommodations"). For these reasons, Plaintiffs' MHRA failure-to-accommodate claims must be dismissed with prejudice.

---

[5] In Plaintiffs' responsive briefing, Plaintiffs argue that they properly pleaded claims of religious discrimination under the MHRA (*See* Opp. Br. 46-47), but Plaintiffs cannot state a claim for failure-to-accommodate religious beliefs under the MHRA, and Plaintiffs concede that they have not argued that as Christians, they were treated differently than non-Christians. (*See* Opp. Br. 39.) Thus, Plaintiffs cannot state any claim under the MHRA (failure-to-accommodate *or* disparate treatment), and Plaintiffs' MHRA claims must be dismissed.

## II. PLAINTIFFS PRESENT NO PLAUSIBLE ADA CLAIMS.

### A. Plaintiffs Kiel, Miller, and Ringhofer Failed to Exhaust their Administrative Remedies as to their ADA claims.

Mayo moved to dismiss Kiel, Miller, and Ringhofer's ADA claims for failure to exhaust administrative remedies. (*See* Moving Br. 32.) A plaintiff pursuing an ADA lawsuit must first exhaust administrative remedies by filing a charge with the EEOC and receiving a notice of right-to-sue. (*Id.*) Kiel, Miller, and Ringhofer do not mention the ADA, or any disability-related claim in their EEOC Charges. (McNee Exs. 11, 13, 15, 18, 20, 23, and 25). Plaintiffs' responsive briefing confirms that Kiel, Miller, and Ringhofer never filed ADA charges. (*See generally* Opp. Br.; *see also* Reply Br. 1.)

Since Mayo filed its Motion to Dismiss, several courts have dismissed ADA claims brought by plaintiffs challenging their employer's COVID-19 vaccine policies for failure to exhaust administrative remedies where plaintiffs the failed to check the box for disability discrimination on their EEOC charges or otherwise indicate their intent to pursue disability-related claims. For example, in *Welcome v. Amplity Inc.*, a District Court in the Western District of Missouri, dismissed plaintiffs' ADA claims for failure to exhaust administrative remedies because the plaintiffs did not make any allegations or references to disability discrimination in their EEOC charges and checked only the boxes for "religion" and "retaliation." 2023 WL 2542617 (McNee Decl. Ex. 3). Similarly, in *Petermann v. Aspirus, Inc.*, a District Court in the Western District for Wisconsin dismissed a plaintiff's ADA claim because she failed to file any charge with the EEOC related to her ADA claim. 2023 WL 2662899 (McNee Decl. Ex. 4). The plaintiff in *Petermann* was

14

represented by the same counsel as Plaintiffs in the instant case. *See id*. Like *Welcome* and *Peterman*, Kiel, Miller, and Ringhofer's ADA claims must be dismissed for failure to exhaust administrative remedies.

The following recent Court decisions also support Mayo's position:

- *D'Cunha v. Northwell Health Sys.*, No. 1:22-CV-0988 (MKV), 2023 WL 2266520 (S.D.N.Y. Feb. 28, 2023) (dismissing plaintiff's ADA claim in case challenging employer's COVID-19 vaccine policy for failure to exhaust administrative remedies where plaintiff checked only the boxes for "religion" and "sex" discrimination on her EEOC charge) (McNee Decl. Ex. 19);

- *Winans*, 2023 WL 2975872 (dismissing plaintiff's ADA claim in case challenging employer's COVID-19 vaccine policy for failure to exhaust administrative remedies where plaintiff selected only "religion" as the basis for discrimination on his EEOC charge) (McNee Decl. Ex. 10).

**B.    All Plaintiffs Have Failed to Adequately Plead the Elements of an ADA Failure-to-Accommodate Claim.**

Mayo also moved to dismiss Plaintiffs' failure-to-accommodate ADA claims because Plaintiffs failed to plead a qualifying disability, as required to establish such a claim, and because plaintiffs failed to allege that they were denied an accommodation for some unidentified disability. (*See* Moving Br. 33-34.) Since Mayo filed its Motion to Dismiss, several courts, including Judge Montgomery in the District of Minnesota, have dismissed ADA failure-to-accommodate claims because plaintiffs did not allege a qualifying disability. In the OMC Cases, Judge Montgomery dismissed plaintiffs' ADA

claims because plaintiffs failed to allege that they were disabled and failed to allege that they sought and were denied an accommodation based on a disability. *See, e.g.*, *Aronson*, 2023 WL 2776095 at *5. The result should be the same here: the Court should dismiss Plaintiffs' failure-to-accommodate ADA claims because Plaintiffs failed to allege they were disabled and were denied accommodations based on their unidentified disabilities.

The following recent Court decisions also support Mayo's position:

- *Troulliet*, 2023 WL 2894707 (dismissing plaintiff's ADA claim in case challenging employer's COVID-19 vaccine policy for failure to plausibly allege a disability because plaintiff did not allege any impairment that substantially limited one or more major life activities) (McNee Decl. Ex. 9);

- *Speaks v. Health Sys. Mgmt., Inc.*, 2022 WL 3448649 (W.D.N.C. Aug. 17, 2022) (dismissing plaintiff's ADA claim in case challenging employer's COVID-19 vaccine policy because plaintiff did not show she was disabled based on a "record of" a disability or that her former employer "regarded her" as disabled based on her vaccination status) (McNee Decl. Ex. 20).

### C. All Plaintiffs Have Failed to Properly Plead a Violation of the ADA's Prohibition Against Medical Examinations and Disability-Related Inquiries.

Mayo moved to dismiss Plaintiffs' claims that Mayo violated the ADA's prohibition against medical examination and disability-related inquires for failure to state a plausible claim. (*See* Moving. Br. 34-36.) COVID-19 is not a disability, and COVID-19 testing is not a disability-related inquiry or medical examination. (*Id*.) Moreover, the act of administering a vaccine is not a medical examination under the ADA. (*Id*.) Thus, Plaintiffs

Ihde and Rubin (who refused testing) and Plaintiffs Kiel, Miller, and Ringhofer (who refused vaccination) were not forced to engage in a prohibited medical examination or disability-related inquiry, and Plaintiffs' ADA claims must be dismissed. (*Id*.) Furthermore, Plaintiffs Kiel, Miller, and Ringhofer do not have standing to assert ADA objections to testing because they were not offered testing. (*See* Kiel Am. Compl. ¶ 56; Ringhofer Am. Compl. ¶ 57; Miller Am. Compl.; Reply Br. at 12.) Judge Montgomery's rulings in the OMC cases support Mayo's position that Plaintiffs' ADA claims should be dismissed.

In the OMC Cases, the plaintiffs alleged that OMC's mandatory vaccination policy violated the ADA's prohibition against medical examination and disability-related inquires. OMC moved to dismiss these claims. Judge Montgomery granted dismissal, finding no unlawful medical examination or inquiry with respect to OMC's vaccine requirement because a vaccine is not a procedure that seeks information about a plaintiff's health or an inquiry into whether a plaintiff has a disability. *See, e.g.*, *Aronson*, 2023 WL 2776095 at *5-6. Judge Montgomery also found that none of the plaintiffs alleged they personally underwent COVID-19 testing under OMC's Policy, but even if they did, such testing would not amount to an unlawful medical examination. *Id.* at *6. The analysis is no different here, and the Court should dismiss Plaintiffs' claims that Mayo violated the ADA's prohibition against medical examination and disability-related inquires.

## CONCLUSION

For all the reasons stated in Mayo's Memoranda, Mayo respectfully requests that this Court grant Defendants' Motion to Dismiss in its entirety.

Dated: May 19, 2023

*/s/ Emily A. McNee*
George R. Wood, Bar No. 0166017
gwood@littler.com
Holly M. Robbins, Bar No. 260381
hrobbins@littler.com
Kathryn Mrkonich Wilson, Bar No. 283605
kwilson@littler.com
Emily A. McNee, Bar No. 0395228
emcnee@littler.com
Hannah C. Hughes, Bar No. 0401726
hhughes@littler.com
Lehoan T. Pham, Bar No. 0397635
hpham@littler.com
Katherine E. Tank, Bar No. 0400263
ktank@littler.com
LITTLER MENDELSON, P.C.
1300 IDS Center
80 South 8th Street
Minneapolis, MN  55402.2136
Telephone:  612.630.1000
Facsimile:   612.630.9626

***ATTORNEYS FOR ALL DEFENDANTS***

4875-3545-0468.3 / 116426-1001

18